**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ani Marcheva,

Plaintiff,

v.

Federal Bureau of Investigation,

Defendant.

Case No. 2:26-cv-02941-GMN-BNW

**ORDER**

Before this Court is Plaintiff's application to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens Plaintiff's complaint.

## I. ANALYSIS

### A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff's complaint is hard to understand. Specifically, it is not clear what conduct is at stake and how the FBI plays a role in such conduct. ECF No. 1-1. Even liberally construing Plaintiff's complaint, this Court is unable to determine exactly what claims Plaintiff is attempting to allege. As a result, this Court cannot evaluate whether Plaintiff states any claims for relief. Accordingly, this Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.

**C. Instructions for Amendment**

Plaintiff is advised that he must specify which claims he is alleging and what facts support his claims. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant.

Plaintiff is also advised that if he chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. This Court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

//

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff will have until October 23, 2026, to file an amended complaint. Failure to file an amended complaint by that date may result in dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the non-prisoner, pro se form complaint.

**IT IS ORDERED** that Plaintiff's complaint be dismissed with leave to amend.

DATED: September 23, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE