**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ani Marcheva,

Plaintiff,

v.

Federal Bureau of Investigations,

Defendant.

Case No. 2:26-cv-02941-GMN-BNW

**ORDER**

Pro se Plaintiff Ani Marcheva brings this lawsuit and moves to proceed *in forma pauperis*. ECF Nos. 1, 10. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. *Id*. As a result, her request to proceed *in forma pauperis* will be granted. This Court now screens Plaintiff's amended complaint.

**I. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Screening the complaint**

Plaintiff alleges that she applied for a Special Agent position with the FBI in June 2025 and that, a few days later, the FBI discontinued her application because of her age. After a female FBI agent told her she could move forward, a male FBI agent called and told her that her credentials were fake. Plaintiff alleges that she has since been unable to obtain employment. She seeks $93,000, or one year of pay, and refers to the EEOC and age discrimination.

Plaintiff's claims are barred by sovereign immunity. "Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014). The FBI is a federal agency, so it shares this immunity. *Wise v. Dir. of Fed. Bureau of Investigations*, No. 2:21-CV-2269-JAM-DMC, 2022 WL 705826 (E.D. Cal. Mar. 9, 2022), report and recommendation adopted sub nom. *Wise v. Dir. of Fed. Bureau of Investigation*, No. 2:21-CV-02269-TLN-DMC, 2022 WL 4388366 (E.D. Cal. Sept. 22, 2022). Plaintiff does not identify any statute waiving the FBI's immunity for the claims she asserts. This Court will therefore dismiss her complaint and give her leave to amend.

Plaintiff is advised that an amended complaint supersedes the original complaint. The amended complaint must therefore be complete in itself, without reference to any earlier pleading.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 8) is **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint by **November 25, 2026**. If she chooses to amend, she must title it "Second Amended Complaint." Failure to file an amended complaint by that date may result in a recommendation that this case be dismissed.

DATED: October 26, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE